Argued May 17, reversed August 8, reconsideration denied September 14,
petition for review denied September 20, 1977

GUERRA, *Respondent,*

*v.*

TRANSPORT INDEMNITY COMPANY et al,
*Appellants.*

(A 76-11-15633, CA 7912)

567 P2d 573

Dennis R. VavRosky, Portland, argued the cause for appellants. With him on the brief was Rankin, McMurry, Osburn & Gallagher, Portland.

Richard K. Klosterman, Portland, argued the cause for respondent. With him on the brief was Klosterman & Joachims, Portland.

Before Schwab, Chief Judge, and Tanzer and Richardson, Judges.

TANZER, J.

[ 415 ]

**TANZER, J.**

In this workers' compensation case, the Workers' Compensation Board determined that the claimant had suffered 160 degrees or 50 percent of total disability. Previously, the hearings officer and, subsequently, the circuit court found that claimant was permanently and totally disabled under the odd-lot doctrine. The insurer and employer appeal.

Claimant, then a 52-year-old truck driver and furniture mover, suffered a back injury, returned to work and, six weeks later, suffered another back injury. He was treated conservatively and continues to suffer pain when he works with his back. The medical diagnosis of back sprain and osteoarthritis are not of sufficient severity to justify the degree of pain of which claimant complains and, unlike *Elliott v. Precision Castparts,* 30 Or App 399, 567 P2d 566 (1977), there is no significant psychological functional overlay. He receives more money in benefits than his previous gross wages, which may affect motivation. *Wilson v. Weyerhaeuser,* 30 Or App 403, 567 P2d 567 (1977). Claimant is considered a good candidate for vocational rehabilitation, but he has rejected training for his general equivalency diploma.

No purpose is served in setting out the evidence in detail. We agree with the Board that the claimant is no longer capable of performing heavy labor, but that he is eligible for lighter work for which retraining is available if he so chooses. Therefore, we agree with their conclusion that claimant has suffered a permanent disability of 160 degrees or 50 percent.

Reversed.